**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| PETER WILSON, individually and on behalf of all others similarly situated, | Case No. **4:24-CV-04003** |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| TEXONA MARKETING LLC D/B/A COLLINS GHOSTWRITING | |
| Defendant. | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(f)**
**FEDERAL RULES OF CIVIL PROCEDURE**

1.      **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

The meeting between the parties was held virtually on January 16, 2025, by and between Anthony Paronich for Plaintiff and Ali Hakeem for the Defendant.

2.      **List the cases related to this one that are pending in any state or federal court with the case number and court.**

None.

3.      **Briefly describe what this case is about.**

Plaintiff's Statement:  Plaintiff has brought this class action under the TCPA, alleging he received multiple telemarketing calls advertising the Defendant's ghostwriting services, despite Plaintiff having placed her residential phone number on the National Do Not Call Registry, previously revoking any consent to having received the calls, and never having consented to the calls to begin with. Through the class he has pled, Plaintiff seeks to represent other individuals who received similar communications from the Defendant.

4.      **Specify the allegation of federal jurisdiction.**

The basis for federal jurisdiction is federal question because the TCPA is a federal statute.

5.      **Name the parties who disagree and the reasons.**

The parties do not disagree that federal jurisdiction is proper.

6.      **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

The Plaintiff may add additional parties such as marketing vendors, as revealed through discovery, which may have had a role in placing any of the calls at issue.

7.      **List anticipated interventions.**

None.

8.      **Describe class-action issues.**

Plaintiff's Statement: The Plaintiff intends to file a motion for class certification under Rule 23 of the Federal Rules of Civil Procedure. The issue to be decided through such a motion will be whether the Court should certify the putative class of individuals similarly situated who also received calls from the Defendant. In order to prove his case as well as that of the Class, the Plaintiff will require discovery, generally speaking, into the calling conduct at issue, including the calling records, which may be in the possession of third-party telephone companies. The Plaintiff will use such calling data to prove his claims as well as those of the class members, as well as to identify class members who received calls to their numbers on the Do Not Call Registry.

9.      **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties have not yet made their initial disclosures, but are in the process of doing so within 14 days of their Rule 26(f) conference.

10.     **Describe the proposed agreed discovery plan, including:**

A. **Responses to all the matters raised in Rule 26(f).**

Plaintiff's Statement: In order to prove his case as well as that of the Class, the Plaintiff will require discovery, generally speaking, into the calling conduct at issue, including calling records. The Plaintiff will use such calling data to prove his claims

as well as those of the class members, as well as to identify class members. Relatedly, and in order to meet any affirmative defense proffered by the Defendant, such as that of consent, the Plaintiff will need to seek information relating to Defendant's policies and procedures regarding compliance and enforcing employee compliance with the TCPA. The TCPA also provides for treble damages if conduct is found to be knowing or willful. Accordingly, the Plaintiff will need to seek information tending to show Defendant's negligence or willfulness regarding TCPA violations. The Plaintiff will also retain an expert to analyze classwide calling data once it is obtained to ascertain class members and which all class members were on the Do Not Call Registry. Discovery need not be conducted in phases or limited to or focused on particular issues. Discovery will not include substantial or complex production of ESI, as the main form of ESI will take the form of the Defendant's own calling records to be analyzed.

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

The Plaintiff anticipates sending interrogatories starting on January 16, 2025. The interrogatories will be directed as an initial matter to the Defendant.

**C. When and to whom the defendant anticipates it may send interrogatories.**

Defendant anticipates sending interrogatories by January 24, 2025.

**D. Of whom and by when the plaintiff anticipates taking oral depositions.**

The Plaintiff anticipates taking the oral depositions of the Defendant's 30(b)(6) representative, and may also take the depositions of other individuals who may have been involved in the placement and sending of the calls, as revealed through discovery. The Plaintiff anticipates taking those depositions shortly after the Plaintiff has received responses to the first set of discovery and any follow up discovery, sometime in late April or early May of 2025.

**E. Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates taking the Plaintiff's oral deposition shortly after receiving responses to his first set of discovery and any follow up discovery sometime in May or June of 2025.

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

The Plaintiff will be able to designate experts and provide the required expert reports shortly after classwide calling data is obtained from the Defendant. This will likely be

sometime around March or April of 2025, assuming that no issues in production of classwide calling data arise.

Defendant will be able to designate experts and provide required expert reports 30 -45 days after the Plaintiff designates experts and provide their required expert reports.

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

The Plaintiff will take the deposition of the Defendant's counter-expert on call log analysis within 30 days of the receipt of the Defendant's counter-expert report.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Defendant will take the deposition of the Plaintiff's expert on call log analysis within 30 days of the receipt of the Plaintiff's expert report

11.    **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not Applicable

12.    **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None at this time.

13.    **State the date the planned discovery can reasonably be completed.**

August 31, 2025

14.    **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting**

The Plaintiff is amenable to setting this case, but in order to make an informed decision in tendering a settlement offer, the Plaintiff will need to, as an initial matter, receive and review basic classwide discovery outlining the scope and extent of the Defendant's calling conduct.

15.    **Describe what each party has done or agreed to do to bring about a prompt resolution.**

Defendant will produce classwide calling records promptly. Plaintiff commits to analyzing them internally and expeditiously and then following up with the Defendant on a resolution conversation based on the results of that analysis.

16.    **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

After classwide calling records are produced, the Plaintiff suggests the parties engage in a private mediation.

17.    **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not consent to a trial before a magistrate judge.

18.    **State whether a jury demand has been made and if it was made on time.**

Plaintiff has demanded a jury and the timely demand was made in the Complaint.

19.    **Specify the number of hours it will take to present the evidence in this case.**

It will take Plaintiff approximately 20 hours to present evidence in this case if proceeding on a classwide basis. It will take Plaintiff approximately 5 hours to present evidence in this case if proceeding on an individual basis.

Defendant will need approximately the same amount of time depending whether the case will proceed on a classwide basis or on an individual basis.

20.    **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

21.    **List other motions pending.**

None.

5

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

This case is proceeding as a class action, necessitating the Court to set a date for the Plaintiff to move for Class Certification.

23. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

Andrew Perrong, Bar Number PA333687, 2657 Mount Carmel Avenue, Glenside, PA 19038, 215-225-5529, counsel for Plaintiff

Anthony Paronich, Bar Number MA678437, 350 Lincoln Street Ste. 2400, Hingham. MA 02043, 617-485-0018, counsel for Plaintiff

Ali Hakeem, Bar Number TX 24065354, 21320 Provincial Blvd, Katy, TX 77450, 832.437.0973, counsel for Defendant

RESPECTFULLY SUBMITTED AND DATED this January 21, 2025.

 /s/ Anthony I. Paronich
Anthony I. Paronich,
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
Email: anthony@paronichlaw.com
        *Pro Hac Vice*

        *Attorneys for Plaintiff*

 /s/ Ali A. Hakeem
 Ali A. Hakeem
 Of Counsel
 Sowell, Walls & Powell PLLC
 21320 Provincial Blvd.
 Katy, Texas 77450
 SDTX Federal ID No. 3644314
 Texas Bar No. 24065354
 (832) 437-0973
 *Attorney for Defendant*